### COMMONWEALTH *vs.* SOLOMON COHEN & another.

Suffolk.    June 26. — July 22, 1879.    MORTON & ENDICOTT, JJ., absent.

On an indictment charging the defendants with conspiring with A. to commit a felony, the defendants admitted certain conversations had by them with A., and put in evidence by the government, tending to prove the crime charged; but testified that they had, while employed by the chief of the detective force of the Commonwealth, been instructed to associate with persons suspected to be criminals, and to lead them along by pretending to concur with them, and, when the necessary proofs had been obtained, to arrest them; and that their conversations with A. were for this purpose; that, although this officer had ceased to hold office for a year, they had been employed by him more or less since, and had pursued the same methods; and that they had no criminal intent. There was no evidence that the defendants had been informed that A. was a suspicious character, or requested to obtain evidence against him. *Held*, that evidence of the officer who formerly had employed them was inadmissible to corroborate their testimony.

INDICTMENT in several counts, each charging that the defendants, on February 13, 1879, at Boston, conspired with George C. Davis to commit a felony at Canton in the county of Norfolk.

At the trial in the Superior Court, before *Dewey*, J., several witnesses testified, on behalf of the government, that, in February 1879, they overheard several conversations between the defendants and Davis, which tended to prove an agreement on the part of Davis and the defendants to commit one or more felonies, as charged in the indictment.

The defendants testified in their own behalf, admitting the substance of these conversations, but asserting that Davis was for a long time previously thereto known to them as a suspicious character in the community; that, at that time, they had evidence against him which would tend to convict him of several crimes committed in the county of Suffolk; that, at the time of these conversations, as well as at the time of their arrest, they were collecting evidence against Davis in connection with such crimes; that for a long time previously thereto they had practised leading Davis along in such a manner as they thought would be best calculated to keep him off his guard, and induce him to believe that they concurred with him in all his plans and purposes for the commission of crimes whenever he suggested the same to them; that in all these conversations they were only leading Davis along in the manner and for the purposes above mentioned, and endeavoring to get him to make to them a full development of all his plans, he having already several times proposed to them the commission of the felonies charged in the indictment, their ultimate purpose being, after having in that manner obtained the necessary proofs, to cause him to be arrested and brought to punishment therefor; that the defendants were, at the time of their arrest, and for a long time previously thereto had been, engaged in detective work; that they were first introduced to and instructed in that work by one Luther Stephenson, Jr., while he, Stephenson, was chief of the detective force of this Commonwealth; that they were generally instructed and required by him to mingle and associate with such suspected persons as they might find in the community, and, in the manner aforesaid, obtain from them their criminal plans and purposes, if any, as well as any admissions they might make to the defendants concerning crimes already committed by them; that, although Stephenson's term of office had expired about a year before, the defendants had, since that time, been more or less employed by him in the detection of criminals, and were so employed at the time of their arrest; that it was wholly pursuant to such general instructions and requirements as to methods of working up cases given them by Stephenson that they engaged in the conversations with Davis; and that in said conversations they had no criminal purpose

or intention, and had no object in contemplation other than to detect the criminal purposes of Davis, and to bring him to punishment.

To corroborate the defendants in their testimony, and to explain the real character and intention of the language used by them in the conversations aforesaid, the defendants offered to prove by Stephenson, that he, while chief of the detective force of the Commonwealth, employed the defendants, and generally instructed and required them, from the beginning of their work under him to its close, to mingle with and associate with such suspected persons as before mentioned, and to engage with and agree with such persons in their criminal plans and purposes, if any, with a view to detecting them and bringing them to punishment; that the defendants did such detective work for Stephenson for several years before the expiration of his term of office, and since then had been employed by him in detecting the defacer of a monument at Hingham, during all which time they employed the above methods. No evidence was offered that the defendants had ever been informed that Davis was a suspicious character, or requested to obtain evidence against him. The judge ruled that the evidence of Stephenson was inadmissible.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*E. O. Bicknell*, for the defendants.

*G. Marston*, Attorney General, for the Commonwealth.

SOULE, J. The evidence of Stephenson was properly excluded. It had no tendency to prove that the defendants were acting under the direction of a superior officer, or of an employer, in the performance of any duty. Stephenson was not a member of the detective force of the Commonwealth when the acts were done by the defendants, and they had no instructions from him to do what they did, nor to do anything in relation to Davis. The instructions which Stephenson had previously given the defendants, when he was the chief of the detective force, and the method of working pursued by them when under his orders as such chief, had no pertinency in the trial of the defendants for acts done long after he had ceased to hold the office.

*Exceptions overruled.*